UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| APRIL L. YOUNG, individually and on behalf of all similarly situation individuals,<br><br>Plaintiff,<br><br>vs.<br><br>COLLECTION CENTER OF WYOMING<br><br>Defendant. | § § § § § § § § § § § § | CASE NO.: 10-428<br><br>CLASS ACTION |

## COMPLAINT

COMES NOW the Plaintiff, April L. Young, (hereafter the "Plaintiff") by counsel, and for her complaint against the above-named Defendant, alleges as follows:

## JURISDICTION AND VENUE

The jurisdiction of the Court is invoked pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. 1331. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## PRELIMINARY STATEMENT

This is an action for statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of all others similarly situated to enjoin Defendant Collection Center of Wyoming's conduct and recover damages by reason of this Defendant's violation of the FDCPA. The violating actions addressed in this Complaint stem from attempts to collect a debt

1

without providing the requisite notice of the consumer's right to dispute the debt.

## PARTIES

1. Plaintiff is a resident of Mobile County, Alabama.

2. Defendant Collection Center of Wyoming, ("Collection Center") is a corporation which is, upon information and belief, incorporated under the laws of the state of Colorado and has its principal place of business in Colorado. For all relevant times, Collection Center was engaged in business within the State of Alabama, including the collection of debts. Collection Center is regularly engaged in the practice of debt collection.

3. Collection Center sends collection letters and places collection calls as a regular part of its business.

4. The mails and interstate wire communications are used to conduct the business of Collection Center.

5. Defendant is a debt collector as defined by the FDCPA.

## FACTS

6. On or about November 2009, Plaintiff reviewed her credit reports and discovered that Defendant Collection Center was reporting on her Trans Union and Experian credit report a collection account in the amount of $258.00.

7. Plaintiff never received a notice from Collection Center regarding the alleged debt or was informed by the Defendant that she could dispute the amount owed.

8. Plaintiff immediately contacted Collection Center and disputed the debt requesting proof that the debt was hers.

9. Plaintiff never received a notice from the Defendant verifying that the debt belonged to her.

10. Additionally, the debt continues to report on her credit reports and the Defendant has never reported that the account was in dispute.

11. Plaintiff is entitled to actual damages, statutory damages, attorney's fees, and costs against all the named Defendants.

12. Plaintiff alleges said debt with Defendant is a consumer debt pursuant to 15 U.S.C. §1692a(5)

13. As a result of the Defendant's violations of the FDCPA, the Plaintiff suffered actual damages, and is entitled to an award of statutory damages, costs, and attorney's fees.

## COUNT ONE
## (FDCPA § 1692g VIOLATIONS)

1. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

2. This is a claim asserted against Defendant Collection Center for violations of the FDCPA.

3. Defendant Collection Center is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

4. Defendant has violated the FDCPA in connection with its attempts to collect an account against Plaintiff. Defendant's violations include, but are not limited to, failing to comply with the requirements of 15 U.S.C. § 1692g.

5. As a result of its violations of the FDCPA, Collection Center is liable to Plaintiff for declaratory judgment that Collection Center violated the FDCPA, actual damages, statutory damages, plus costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Bond Collect for the following:

a. Statutory damages pursuant to 15 U.S.C. 1692k;

b. Declaratory judgment that Defendant's conduct violated the FDCPA;

c. Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

d. Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (CLASS ACTION ALLEGATIONS AGAINST COLLECTION CENTER)

6. Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

7. Plaintiff prays that this court will certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23, and realleges and incorporates by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

8. Plaintiff brings this action on behalf of herself and all members of the class composed of persons who have been were subjected to collection activity by Collection Center of Wyoming that was in violation of the FDCPA of the type(s) involved in this transaction and who are entitled to some or all of the relief requested herein.

9. Plaintiff avers that the class is so numerous, that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to the class relating to the conduct of the defendant regarding said claims. Plaintiff further avers that their claims or defenses, as representative of the class, are typical of the class. Plaintiff further avers that in a representative capacity he will fairly and adequately protect the interest of the class.

10. Each class member has, or has been subjected to collection activity in violation of the FDCPA.

11. Names and addresses of class members are presently unknown to plaintiff, but can be readily ascertained from the defendant's business records.

12. Common or similar issues of law and fact predominate over individual issues. These common issues include, but are not limited to the following:

    a. Whether the reporting of the collection accounts on the Plaintiff's and members of the class credit report violated the FDCPA by failing to notify them of the right to dispute and request verification of the debt;

    b. What is the appropriate remedy for Collection Center of Wyoming's violation of the FDCPA.

13. Proof of common facts and legal doctrines by the representative plaintiff consumer will determine the claims of each member of the class.

14. This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

15. The named representative's claims are typical and representative of the class and sub-class claims.

16. It is and was the practice of Collection Center of Wyoming to attempt debt collection that was in violation of the FDCPA as stated in the above.

**WHEREFORE**, Plaintiff prays that this court will certify this as a class action, and award the members of the class and any sub-class described herein the remedies provided for in 15 U.S.C. § 1692k.

## COUNT THREE
## (DECLARATORY JUDGMENT)

17. Plaintiff realleges and adopts by reference all of the foregoing relevant paragraphs in this complaint.

18. Plaintiff and the members of the class bring this action in this count pursuant to Rule 57 of the Federal Rules of Civil Procedure in that an actual controversy exists between the parties concerning their rights under the FDCPA.

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated pray as follows:

   a. That this court determine that this cause may proceed as a class action, that Plaintiff be appointed as class representative, that the undersigned be appointed as the attorney for the class.

   b. That this court award Plaintiff and the members of the class statutory damages for all losses incurred by them.

   c. That the cost of prosecution and reasonable attorneys' fees be awarded to the attorney for Plaintiff and the Plaintiff's Classes.

   d. That this court issues a temporary and permanent injunction restraining the defendant, their agents or employees from their practices alleged until further order of Court.

   e. That this court determines the rights of the parties and directs Collection Center of Wyoming to cease illegal collection activity.

   f. That this court enjoin defendant from destroying or altering books or records concerning or in any way relating to the practices as stated above.

   g. For such other and further relief as this court deems just and equitable.

    h.    That defendant be required to pay punitive damages in an amount to be determined, in addition to statutory damages.

RESPECTFULLY SUBMITTED this the ___6th___ day of August, 2010.

**TRIAL BY JURY IS DEMANDED.**

_____
JAMES D. PATTERSON (PATTJ6485)
KENNETH J. RIEMER (RIEMK8712)
Attorneys for Plaintiff

OF COUNSEL:
**UNDERWOOD & RIEMER, P.C.**
166 Government Street, Suite 100
Mobile, Alabama 36602
Telephone: (251) 432-9212
E-mail: jpatterson@alalaw.com

PLEASE SERVE DEFENDANTS BY US CERTIFIED MAIL AT THE FOLLOWING:

Collection Center of Wyoming
PO Box 4000
Rawlins, WY 82301-0479